## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RICHARD LEE, | DOCKET NUMBER |
| Appellant, | NY-3330-21-0040-I-1 |
| v. | |
| DEPARTMENT OF COMMERCE, | DATE: October 9, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Richard Lee</u>, New York, New York, pro se.

<u>David M. Brown</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied corrective action pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to supplement the administrative judge's analysis of equitable tolling, still finding that the appellant did not prove that equitable tolling should be applied and denying his request for corrective action. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

The appellant applied for a Geographer position with the agency. Initial Appeal File (IAF), Tab 1 at 6, Tab 7 at 22-29. In his application, the appellant submitted a statement of service in lieu of a DD-214 because he was on active military duty and he did not have a DD-214. IAF, Tab 1 at 6. At some point, the appellant learned that he was not selected for the position.[2] *Id.*

On December 23, 2020, the appellant filed a complaint with the Department of Labor (DOL) alleging that the agency violated his rights under VEOA when it failed to consider his application because he provided a statement of service in lieu of a DD-214. IAF, Tab 1 at 6, 8-11. On January 6, 2021, DOL issued a

---

[2] There is a discrepancy in the record as to when the appellant learned of the nonselection. For example, the appellant asserted that he learned of the nonselection on July 7, 2020, IAF, Tab 1 at 4, but the agency stated that he learned of the nonselection on February 25, 2020, IAF, Tab 7 at 5. We need not resolve this discrepancy because, even if we used the appellant's date, it does not change the outcome.

letter dismissing the appellant's complaint because it was not filed within 60 days from the date of the alleged violation. *Id.* at 10-11.

The appellant filed an appeal with the Board. IAF, Tab 1. In his initial appeal, the appellant stated that he made inquiries to various agencies regarding the nonselection, but he received no response. *Id.* at 6. Specifically, he stated that he filed a service request with the DOL National Contact Center on September 1, 2020, but he did not receive a response until December 11, 2020; he emailed two Veterans Employment and Training Service (VETS) staff persons; and he emailed vet_employment@opm.gov on July 7, 2020, and November 5, 2020, but he did not receive a response. *Id.* The administrative judge issued an order, noting that the Board may not have jurisdiction over the appeal and instructing the appellant to file a submission showing, among other things, "the date [he] believe[d] the agency violated [his] veterans' preference rights, the date [he] filed a complaint with the Secretary of Labor, and the date [he] received written notice, if any, from the Secretary." IAF, Tab 4 at 6-7. The order explained the conditions under which equitable tolling can be established, instructed the appellant to show that the deadline should be equitably tolled if he was late in filing with the Secretary, and directed him to produce any documentation supporting his claims. *Id.* at 5-6. The appellant did not file a response. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 7. Without holding a hearing, the administrative judge issued an initial decision denying corrective action, finding that there was no genuine dispute that the appellant did not file a complaint with the Secretary of Labor within 60 days of the alleged violation and concluding that he did not establish that equitable tolling should be applied. IAF, Tab 8, Initial Decision (ID) at 4-7.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. In his petition for review, the appellant alleges that the administrative judge failed to consider his argument

that equitable tolling should apply based on his contacts with the DOL National Contact Center, two "VETS labor representatives," and vets@doc.gov. PFR File, Tab 1 at 3-4. The appellant states that equitable tolling should apply because of the COVID-19 pandemic and because he was misled. *Id.* at 4. He also disputes the merits of whether he was entitled to veterans' preference in this hiring action. *Id.* at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The parties do not appear to dispute that the appellant's December 23, 2020 complaint with the Secretary of Labor was untimely filed. Nonetheless, we must consider whether equitable tolling should apply to excuse the appellant's untimely filing. *See Kirkendall v. Department of the Army*, 479 F.3d 830, 835 (Fed. Cir. 2007) (en banc) (stating that the Board has the authority and the obligation to consider whether DOL's finding that a VEOA complaint was untimely was erroneous); *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶¶ 8-13 (2009) (applying the holding in *Kirkendall* and stating that the 60-day time limit for filing a complaint with the Secretary of Labor under 5 U.S.C. § 3330(a)(2)(A) is not jurisdictional and is subject to equitable tolling).

The Supreme Court has stated that equitable tolling should be applied only "sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling may apply "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period" or "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (internal citations omitted). Equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014).

On review, the appellant argues that equitable tolling should apply because he was "misled" when he contacted multiple agencies that failed to respond to him or told him that he had "no further appeal rights." PFR File, Tab 1 at 4. The appellant attaches to his petition for review an email chain with vets@doc.gov, beginning June 29, 2020.[3] PFR File, Tab 1 at 6-7. His June 29, 2020 email stated that the agency improperly found him ineligible for the position and inquired as to the propriety of the agency's decision. *Id.* at 6. After some correspondence with an unidentified agency official,[4] the appellant, on August 5, 2020, requested information about with whom to file a formal complaint. *Id.* The unidentified agency official asked for a copy of the front page of the vacancy announcement and offered to contact the Human Resources Specialist to get clarification, but the appellant indicated that he had already spoken to and emailed the Branch Chief and the Human Resources Specialist, and he stated that he wanted to talk to someone else to see if they were correct. *Id.* at 7. Ultimately, the agency official stated that he did not know anyone else to whom he could refer the appellant. *Id.*

The Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant had the opportunity to develop the record before the administrative judge; however, he did not respond to the order requiring him to provide additional evidence and argument, and he has not argued that the June 29, 2020 email chain was unavailable prior to the close of record before the administrative

---

[3] The date of this email undermines the appellant's assertion that he did not learn of the nonselection until July 7, 2020. However, as noted above, we need not resolve this discrepancy.

[4] The email chain that the appellant provides on review includes numerous references to "[Quoted text hidden]" in the appellant's emails and the agency official's emails. *Id.* at 6-7. We do not understand what this bracketed language means in this context, but it seems to show that the appellant did not provide the full chain of correspondence between him and the agency official.

judge. Even if we were to consider this email chain, we find that the appellant did not prove that the agency engaged in any misrepresentation or misleading statements that caused him to miss the statutory deadline. *See, e.g., Frazer v. United States*, 288 F.3d 1347, 1353-54 (Fed. Cir. 2002) (noting "equitable tolling is available only when the lateness is attributable, at least in part, to misleading government action"). *Cf. Heimberger*, 121 M.S.P.R. 10, ¶ 12 (finding that confusing language in a letter drafted by the Office of Special Counsel, which notified the appellant of two options without informing her of the consequences of electing one over the other, could have affirmatively misled her).

The appellant reiterates on review that he contacted the DOL National Contact Center. PFR File, Tab 1 at 4. He explained in his initial appeal that he filed a "service request" with the DOL National Contact Center on September 1, 2020, but he did not hear back until December 11, 2020, when he was directed "to the proper resource." IAF, Tab 1 at 6. Here, too, the appellant has not described or provided a copy of any misleading information that the DOL National Contact Center provided to him. We further find that the appellant failed to exercise due diligence because he did not, in any way, follow up with the DOL in the more than 3 months between September 1, 2020, and December 11, 2020.

Finally, the appellant states that he emailed two VETS staff members, and he provides their email addresses. PFR File, Tab 1 at 4. However, the appellant has not explained who the individuals are, why he emailed them in the first place, on what dates he emailed them, or the contents of his emails. *Id.* He also does not state if he received any response from either of these individuals or the contents of any such responses.

In conclusion, the appellant has not proven that he was misled, induced, or tricked into missing the statutory deadline; he did not offer any evidence to support his contention that he was told by any of these contacts that he had "no further appeal rights;" and we find that he has not proven that equitable tolling should be applied on this basis. Moreover, he has not described or provided any

document that would lead us to conclude that he filed a defective pleading within the statutory period. Accordingly, we affirm the administrative judge's finding that equitable tolling should not apply and her decision to deny corrective action.

We have considered the appellant's remaining arguments and find them unavailing. For example, the appellant has not explained why the COVID-19 pandemic constitutes grounds for equitable tolling. In light of our decision to affirm the administrative judge's conclusion that equitable tolling should not apply and to deny corrective action, we need not address whether the agency properly applied veterans' preference as the appellant alleged in his initial appeal or asserts on review. Therefore, we deny the petition for review and affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.